IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TAYLOR MORSE**                                                                        **PLAINTIFF**

**V.**                                    **NO. 4:22-CV-190-DMB-JMV**

**TOD WESLEY NEWMAN; and**
**TW NEWMAN TRUCKING, LLC**                                    **DEFENDANTS**

## ORDER

On November 2, 2022, Taylor Morse filed a complaint in the Circuit Court of Washington County, Mississippi, against Tod Wesley Newman and TW Newman Trucking, LLC, asserting negligence claims arising from an automobile accident between Morse and Newman. Doc. #2. On December 13, 2022, the defendants removed the action to the United States District Court for the Northern District of Mississippi, asserting diversity jurisdiction. Doc. #1. Specifically, the notice of removal alleges that Morse "is a resident citizen of … Mississippi;" Newman is "an adult resident citizen of … Arkansas;" TW Newman Trucking is "an Arkansas limited liability company;" and the complaint demands $500,000.00. *Id.* at PageID 2.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). "The citizenship of an LLC is determined by the citizenship of all its members. So, to establish diversity jurisdiction, a party must specifically allege

the citizenship of *every member* of every LLC." *Accadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (emphasis added).

Because the notice of removal fails to identify TW Newman Trucking's members or to allege anything regarding their citizenship, it does not adequately allege diversity jurisdiction.[1] Accordingly, within seven (7) days of the entry of this order, the defendants are **ORDERED TO SHOW CAUSE** why this matter should not be remanded to the Circuit Court of Washington County. If diversity can be sufficiently established, the defendants, within the same seven-day period, may file an amended notice of removal in accordance with 28 U.S.C. § 1653 to properly alleged diversity jurisdiction.

**SO ORDERED**, this 14th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] A corporate disclosure statement identifies TW Newman Trucking's two members as Newman and "Dina S. Newman, who is a resident of Arkansas." Doc. #3. However, because "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship," jurisdiction is still not adequately alleged. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). The Court generally declines to scour the record to determine if jurisdiction exists because such is the responsibility of the party invoking the Court's jurisdiction.